## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **Crim. No. 05-83-P-H** |
| | ) | |
| **WESLEY THOMPSON,** | ) | |
| | ) | |
| **Defendant** | ) | |

### FOLLOW-UP ORDER ON DEFENDANT'S COMPETENCY TO STAND TRIAL

Pursuant to the Order on Defendant's Competency to Stand Trial (Docket No. 25) I entered on February 10, 2006, a forensic evaluation of the defendant was conducted by mental health professionals at the Mental Health Unit of the Federal Medical Center at Butner, North Carolina, a Federal Bureau of Prisons facility. Those professionals issued a report dated August 8, 2006 and signed August 22, 2006 that has been filed with the court, with copies to counsel, in which they concluded that the defendant is still suffering from a mental disease or defect (Dementia, Alzheimer's Type) rendering him unable to understand the nature and consequences of the proceedings filed against him or to assist properly in his own defense and that his competency will not be restored in the foreseeable future. They also concluded that as a result of his mental illness, the defendant's release from custody would create a substantial risk of harm to others and the property of others. The warden represented in his August 18, 2006 transmittal letter to the court that his facility had filed a Certificate of Mental Disease or Defect and Dangerousness in the United States District Court, Eastern District of North Carolina, pursuant to 18 U.S.C. § 4246(a), in order to stay the defendant's release from custody.[1]

---

[1] In fact, no such filing was made until yesterday, October 12, 2006. Pursuant to 18 U.S.C. § 4246(a), copies of the certificate filed on that date have been transmitted to all persons entitled to same.

1

A competency hearing was held before me on October 10, 2006 pursuant to 18 U.S.C. § 4247(d). The defendant appeared with his counsel, who represented that the defendant concurs with the competency findings contained in the report. Counsel for the government represented that the government will not contest those findings and will not object to a finding by this court that the defendant is not presently competent to stand trial and that his competency will not be restored in the foreseeable future. Accordingly, on the basis of the forensic report of Robert G. Lucking, M.D. (staff psychiatrist) and Eugene V. Gourley III, Ph.D. (staff neuropsychologist), and without objection, I hereby find and determine by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable rationally to understand the nature and consequences of the proceedings against him or to assist properly in his defense and that his competency will not be restored in the foreseeable future.

Remaining for determination is the issue of the defendant's dangerousness. The defendant's counsel contends that this court should make that determination. The government takes the position that the dangerousness determination is to be made by the United States District Court for the Eastern District of North Carolina inasmuch as the Federal Medical Center at Butner, North Carolina, in which the defendant was hospitalized during the forensic evaluation, has filed in that court the aforementioned Certificate of Mental Disease or Defect and Dangerousness pursuant to 18 U.S.C. § 4246(a). I agree with the government. In the circumstances here, determination and disposition of the dangerousness issue is to be made pursuant to 18 U.S.C. § 4246(d) by the court in which the referenced Certificate has been filed. *See, e.g., United States v. Lapi*, 458 F.3d 555 (7th Cir. 2006); *United States v. Jones*, No. CR.NO.99-0191M(JMF), 1999 WL 1062139 (D.D.C. Nov. 15, 1999); *United States v. Steil*, 753 F. Supp. 806 (D. Minn. 1989).

Accordingly, the defendant shall be returned forthwith to the Federal Medical Center at Butner, North Carolina and hospitalized there pending determination and disposition of the dangerousness

issue pursuant to 18 U.S.C. § 4246(d) in the United States District Court, Eastern District of North Carolina.

**_SO ORDERED._**

Dated this 13th day of October, 2006.

/s/ David M. Cohen
David M. Cohen
United States Magistrate Judge

3